JS-6

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL, | Case No. 8:24−cv−02219−CAS−JDEx |
| | [Assigned to the Hon. Christina A. Snyder] |
| Plaintiff, | **JUDGMENT** |
| vs. | Complaint Filed:  October 11, 2024 |
| M & T TRANSPORT LLC, a Nebraska limited liability company; and RYAN MCKEEGAN, an individual, | Trial Date:          None |
| Defendants. | |

## **JUDGMENT**

Pursuant to plaintiff Ameris Bank, a Georgia state-chartered banking corporation, doing business as Balboa Capital's ("Balboa") Motion for Default Judgment ("Default Motion"), and pursuant to Federal Rules of Civil Procedure Rule 55(b)(2), and good cause appearing, therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

///

///

///

1. ***Eitel* Factors**

    a. <u>**Prejudice to the Plaintiff**</u>

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Landstar Ranger, Inc. v. Parth Enters. Inc.,* 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Prejudice can be shown if denying default judgment would leave a plaintiff without a remedy. *Id.*; *see also PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (finding that "[p]otential prejudice to Plaintiffs favors granting a default judgment" where denying the requested default judgment would leave plaintiffs "without other recourse for recovery.") Although Defendants were served, they have not appeared in this action. (*See* generally Dkt.)  Here, absent an entry of default judgment, Balboa would "likely be without other recourse for recovery." *See PepsiCo*, 238 F. Supp. 2d at 1177; *see Seiko Epson Corp. v. Prinko Image Co. (USA)*, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiffs without recourse.").  Accordingly, the Court finds Balboa will be prejudiced if default judgment is not entered.  Therefore, the Court finds the first *Eitel* factor weighs in favor of granting default judgment.

    b. <u>**Merits of Claims and Sufficiency of Complaint.**</u>

The second and third *Eitel* factors look at a plaintiff's likelihood of success on the merits, requiring it to "state a claim on which [it] may recover." *See PepsiCo,* 238 F. Supp. 2d at 1175 (quotations omitted). "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." *Bd. of Trustees of Sheet Metal Workers v. Moak,* 2012 U.S. Dist. LEXIS 156381, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cathcart,* 2010 U.S. Dist. LEXIS 19998, 2010 WL 1048829,

at *4. Moreover, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir. 1978).

Here, Balboa alleges M & T Transport LLC ("M & T"), and Ryan McKeegan ("McKeegan") (collectively, "Defendants") breached the written Equipment Financing Agreement No. 480840-000 (the "EFA") and breach of the corresponding personal guaranty of that agreement (the "Guaranty").  (Compl. ¶¶ 12-28.) An enforceable contract under California law consists of (1) parties are capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration. *See* Cal. Civ. Code § 1550. To sufficiently allege a claim for breach of contract under California law, a plaintiff must allege (1) "the existence of the contract"; (2) the "plaintiff's performance or excuse for nonperformance"; (3) the "defendant's breach"; and (4) "the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted); *see CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008) (same). The Court finds Balboa adequately alleges its claims for breach of contract.  First, taking Balboa's allegations as true and reviewing the evidence attached to the Complaint and Motion, there were valid and enforceable contracts between Balboa and Defendants, namely the EFA between Balboa and M & T, and the Guaranty between Balboa and McKeegan.  (*See* Compl. ¶¶ 15, 23; Dkt. 1-1, Exhs. A-B); *see also Beacon Sales Acquisition, Inc. v. S. W. Solar, Inc.*, 2022 WL 3574413, at *2 (C.D. Cal. June 7, 2022) ("Usually, a written contract can be pleaded by alleging its making and attaching a copy which is incorporated by reference."); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint

[PROPOSED] JUDGMENT
CASE NO. 8:24−CV−02219−CAS−JDE

Salisian|Lee LLP

regarding liability are deemed true."). Under the EFA, Balboa agreed to finance equipment for M & T's business in exchange for an agreement from M & T to make monthly payments, and under the Guaranty, McKeegan, agreed to guarantee M & T's obligations. (*See* Compl. ¶¶ 15, 24; Dkt. 1-1, Exhs. A-B.) Second, Balboa provided the financing for the equipment for M & T's and performed its contractual obligations that were not excused or prevented by Defendants' failure to perform under the EFA and Guaranty. (*Id*., ¶¶ 19, 26.)  Third, M & T failed to make payments under the EFA, and McKeegan failed to make payments under the Guaranty. (*Id*., ¶¶ 16, 25.) Fourth, Balboa was damaged. (*Id*., ¶¶ 20, 27.) The Court finds that Balboa's allegations sufficiently allege that M & T breached the EFA and McKeegan breached the Guaranty.  The Court therefore concludes the breach of contract claims are well-pleaded, so the second and third *Eitel* factors favor entry of default judgment.

> ### c.   <u>Amount of Money at Issue.</u>

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

In this case, Balboa seeks a total of **<u>$314,202.95</u>**. (*See* Motion generally.) The Court finds that this amount, though not insignificant, arises directly from the contracts at issue and is tailored to Defendants' specific misconduct. *See NewGen, LLC v. Safe Cig*, LLC, 840 F.3d 606, 617 (9th Cir. 2016) (affirming default judgment award of nearly $1.5 million when district court found that "[NewGen] only seeks contractual damages directly proportional to [Safe Cig]'s breach of the contracts" and thus "the amount of money at stake does not bar an entry of default judgment") (alterations in original); *see also Wells Fargo Bank, N.A. v. Darmont Constr. Corp.*, 2021 WL 5862170, at *3 (C.D. Cal. July 29, 2021) ("The remedy for

[PROPOSED] JUDGMENT
CASE NO. 8:24−CV−02219−CAS−JDE

breach of contract is typically money damages, and 'the amount awarded is determined with the purpose of putting the injured party in as good a position as he would have occupied, had the contract been fully performed by the defendant.'") (quoting *Pay Less Drug Stores v. Bechdolt*, 92 Cal. App. 3d 496, 501 (1979)). "Since the relevant agreements clearly define the remedy for breach," the court finds the fourth *Eitel* factor weighs in favor of granting default judgment. *Ameris Bank v. Old Pylon Trucking, LLC*, 2024 WL 2406693, at *3 (C.D. Cal. Apr. 16, 2024); *see also, e.g., Key Carrier Grp*., 2024 WL 3740093, at *4 ("Because Defendant is contractually obligated to pay the requested damages, the court finds the requested damages are sufficiently tailored to Defendant's misconduct, namely breach of the EFA."). Thus, this factor favors default judgment.

**d.    The Possibility of a Dispute Concerning Material Facts.**

"The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). As discussed above, Balboa's breach of contract claims are well-pleaded.  Thus, a dispute concerning material facts is unlikely, and this factor weighs in favor of default judgment.

**e.    The Possibility of Excusable Neglect.**

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Here, there is no indication that Defendants' default were due to excusable neglect because they failed to appear altogether despite being

[PROPOSED] JUDGMENT
CASE NO. 8:24−CV−02219−CAS−JDE

served with the Complaint. *See Adobe Sys. Inc. v. Kern*, 2009 WL 5218005, at *6 (N.D. Cal. Nov. 24, 2009) ("Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect."); *Landstar Ranger, Inc. v. Parth Entm't, Inc*., 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010) (finding "the possibility of excusable neglect [was] remote" when the defendant was properly served). Thus, the court concludes that the sixth *Eitel* factor weighs in favor of entering default judgment. *See, e.g., Key Carrier Grp*., 2024 WL 3740093, at *5 ("Because the record indicates that Plaintiff properly served Defendant, the court concludes the possibility of excusable neglect is minimal."); *Miljanovic Trucking, Inc*., 2024 WL 3740050, at *3 ("Here, Miljanovic was served with the Complaint, the request for entry of default, and the Motion. There appears little possibility that the default resulted from excusable neglect.") (citations omitted). Here, Balboa has submitted proof of personal service to defendants M & T and McKeegan, pursuant to Federal Rule of Civil Procedure 4. (*See* Dkts. 10-11.)  Defendants were similarly served at the same location with the Request for Clerk to Enter Default. (*See* Dkt. 12.) This factor favors default as Balboa has provided ample evidence that Defendants were served and were aware of the lawsuit.

**f.    Policy Favoring Decisions on the Merits.**

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craigslist*, 694 F. Supp. 2d at 1061. Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d. at 1472, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo*, 238 F. Supp. 2d at 1177. Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond "makes a decision on the merits impractical, if not impossible," default judgment is appropriate. *Id.* Here, Defendants failed to appear and respond. This factor therefore favors entry of default judgment.

### g.    **Conclusion on the *Eitel* Factors.**

In sum, the Court finds that the *Eitel* factors weigh in favor of granting

default judgment against defendants M & T and McKeegan.

### 2.    **Remedies.**

### a.    **Compensatory Damages.**

Balboa requests $270,281.76 in compensatory damages on the EFA. (*See*

Motion generally.) "The general rule of law is that upon default the factual

allegations of the complaint, except those relating to the amount of damages, will

be taken as true." *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.

1987). The plaintiff bears "the burden of proving damages through testimony or

written affidavit." *Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc*., 389 F.

Supp. 2d 1222, 1226 (N.D. Cal. 2005). "Where damages are liquidated or otherwise

capable of ascertainment from definite figures contained in the documentary

evidence or in detailed affidavits, judgment by default may be entered without a

damages hearing." *Nike, Inc. v. B&B Clothing Co.*, 2007 WL 1515307, at *1 (E.D.

Cal. May 22, 2007) (internal citations omitted).

"Damages for breach of contract include general (or direct) damages, which

compensate for the value of the promised performance, and consequential damages,

which are indirect and compensate for additional losses incurred as a result of the

breach." *Speirs v. BlueFire Ethanol Fuels, Inc*., 243 Cal. App. 4th 969, 989 (2015)

(citation omitted). "Direct damages are typically expectation damages, measured by

what it would take to put the non-breaching party in the same position that it would

be in had the breaching party performed as promised under the contract." *Id.*

(citation omitted). An award of contract damages is meant to compensate the

aggrieved party "for the loss of his 'expectational interest'—the benefit of his

bargain which full performance would have brought." *Runyan v. Pac. Air Indus.,*

*Inc*., 2 Cal. 3d 304, 316 n.15 (1970). "The goal is to put the plaintiff in as good a

position as he or she would have occupied if the defendant had not breached the

contract." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004) (internal quotation marks omitted). The Court finds Balboa has provided sufficient proof of the damages stemming from the breach of the EFA and the breach of the Guaranty in the form of the remaining monthly payments owed under the EFA, including by providing copies of the EFA, the Guaranty, and accounting records related to Balboa's financing to M & T. (See Dkt. 1-1, Exhs. A-B; Ngo Decl. Exh. C (Balboa's Accounting Records).) The Court further finds that damages for the remaining monthly payments owed are no greater than the amount required to put Balboa in the same position it would have been in had M & T performed under the EFA and/or McKeegan performed under the Guaranty, and those damages are appropriately awarded. *See Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004) ("The goal is to put the plaintiff in as good a position as he or she would have occupied if the defendant had not breached the contract.") (internal quotation marks omitted). Because there are forty-one (41) remaining monthly payments of $6,573.00 each, in addition to late charges in the sum of $788.76, the Court awards **$270,281.76** in compensatory damages.

### b. <u>Prejudgment Interest.</u>

Balboa also requests prejudgment interest at the statutory rate of 10% per annum from the date of breach until the date judgment is entered. (Motion for Default Judgment ¶ 1.a.; Chen Decl. ¶ 5.) California law provides that prejudgment interest on a breach of contract claim begins to run from the date of injury if the damages are certain, but from no earlier than the date of the complaint if the damages are uncertain. Cal. Civ. Code § 3287. "Typically, damages are deemed certain or capable of being made certain when 'there is essentially no dispute between the parties concerning the basis of computation of damages' and the underlying dispute centers solely on the question of liability." *W. Air Charter, Inc.*

1  *v. Schembari*, 2019 WL 6998789, at *2 (C.D. Cal. Mar. 7, 2019) (quoting

2  *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154 (1991)).

3  　　　Because there is no material dispute that Balboa performed under the EFA

4  and the Guaranty while Defendants did not, the Court finds liability for each

5  monthly payment was clearly ascertainable as of the date each was due. California

6  law provides that Balboa's requested rate of 10% per annum is properly awarded

7  where prejudgment interest is available based on a breach of contract action unless

8  another rate is specified in the contract. Cal. Civ. Code § 3298(b). Thus, the Court

9  will apply a 10% per annum rate to Balboa's breach of contract damages, from the

10  date of Defendants' breach, July 11, 2024, to the date judgement is entered, May

11  19, 2025. As explained in Section B.1., *supra*, the Court finds the amount owed for

12  remaining monthly payments, in addition to late charges in the sum of $788.76,

13  under the EFA and the Guaranty, the court awards $270,281.76. Multiplying that

14  amount by an interest rate of 10%, divided by 365 days per year, results in a daily

15  rate of $74.04. (*See* Chen Decl. ¶ 5.) There are 464 days between July 11, 2024, the

16  date of the breach, and the date of judgment, May 19, 2025. (*See id*.) Thus, the

17  court awards **$34,354.56** in prejudgment interest.

18  　　　**c.**　　**Attorney Fees.**

19  　　　Balboa requests attorney fees in accordance with the fee schedule in Central

20  District of California Local Rule 55-3. (*See* Chen Decl. ¶ 7.) Under Local Rule 55-

21  3, a party awarded more than $100,000 may recover $5,600 in attorney fees plus

22  2% of the judgment amount over $100,000, so long as an "applicable statute

23  provides for the recovery of reasonable attorneys' fees." C.D. Cal. L.R. 55-3; *see

24  also Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). "In a

25  diversity case, the law of the state in which the district court sits determines

26  whether a party is entitled to attorney fees, and the procedure for requesting an

27  award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d

28  1057, 1059 (9th Cir. 2007). As relevant here, California Code of Civil Procedure §

[PROPOSED] JUDGMENT
CASE NO. 8:24−CV−02219−CAS−JDE

1021 provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Civ. Proc. Code § 1021. California Civil Code § 1717 further provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). The trial court "shall determine who is the party prevailing on the contract" by analyzing which party "recovered a greater relief in the action on the contract." *Id*., § 1717(b).

As the court noted, the EFA specifically provides that Balboa may recover attorney fees. (EFA ¶ 20.) And the Court finds Balboa is the prevailing party because Balboa recovered "a greater relief in the action on the contract," including the compensatory damages and prejudgment interest described above. Cal. Civ. Code § 1717(a). Therefore, the Court concludes Balboa is entitled to attorney fees under California law. Balboa asks the Court to calculate attorney fees based on the amount of compensatory damages awarded, which is $270,281.76. (*See* Chen Decl. ¶ 7; Section B.2., *supra*.) The court therefore awards Balboa $5,600 in attorney fees, plus 2% of the amount over $100,000, or $ $3,405.63, for a total attorney fee award of **$9,005.63**. *See* C.D. Cal. L.R. 55-3; (*See* Chen Decl. ¶ 7).

### d.    Costs.

Finally, Balboa requests $561.00 in costs, which is comprised of $405.00 for the Complaint's filing fee, $78.00 to serve M & T, and $78.00 to serve McKeegan. (*See* Chen Decl. ¶ 7, Exh. E.)  Unless federal law or the Federal Rules of Civil

Salisian|Lee LLP

[PROPOSED] JUDGMENT
CASE NO. 8:24−CV−02219−CAS−JDE

Procedure provide otherwise, the court may order costs other than attorney fees to a prevailing party. Fed. R. Civ. P. 54(d)(1); *see also* L.R. 54-1 (stating the prevailing party, or "the party in whose favor judgment is entered," is entitled to costs). Courts may award "taxable costs" such as: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for necessarily obtained exemplification and copying costs; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920; see also L.R. 54-3.

In addition, where a statute's fee shifting provisions permit the recovery of reasonable attorney fees, the court has discretion to award non-taxable costs to the prevailing party. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010). Although a "district court must specify reasons for its refusal to award costs," *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (citation and internal quotation marks omitted), the court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs.").

As the party awarded default judgment and damages, Balboa is the prevailing party and thus may recover costs associated with the civil filing fee and service of process pursuant to Rule 54(d) and Local Rules 54-3.1 and 54-3.2. *See* L.R. 54-3.1 & 54-3.2 ("Reasonable fees for service of process under F.R.Civ.P. 4 . . . are taxable, including reasonable fees for research, surveillance, wait time, and parking incurred in connection with service."). The Court finds Balboa has provided sufficient documentation substantiating its requested costs. (*See* Chen Decl. ¶ 7, Exh. E.) Accordingly, the Court awards Balboa **$561.00** in costs.

///

///

[PROPOSED] JUDGMENT
CASE NO. 8:24-CV-02219-CAS-JDE

**3.** <u>**DISPOSITION.**</u>

For the above reasons, the Motion for Default Judgment is GRANTED.  The Clerk is ordered to enter this Judgment forthwith.

IT IS SO ORDERED.

Dated: May 29, 2025

_Christine A. Snyde_

\_\_\_\_\_                                           \_\_\_\_
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT COURT

Salisian|Lee LLP